Judson Douglas WETMORE, Appellant,

v.

Wendell S. MILLER, Appellee.

Patent Appeal No. 8909.

United States Court of Customs and Patent Appeals.

May 17, 1973.

Rehearing Denied July 5, 1973.

No. 499,923, filed October 21, 1965,[1] two claims from appellee's patent No. 3,247,-315, issued April 19, 1966 on an application filed April 27, 1962. The board resolved the case on the basis of ancillary matters raised by appellee's motion to dissolve. It ruled that appellant was barred from making count 1 by 35 U.S.C. § 135 because he "was not claiming 'the same or substantially the same subject matter'" set forth in that count within one year from the date appellee's patent was granted. It held that count 2 was not supported by appellant's application. We affirm as to count 2. As to count 1, we reverse and remand for such action as may be appropriate in view of evidentiary records which the board found unnecessary to discuss.

## THE SUBJECT MATTER

The invention relates to a connector described broadly in count 1 as follows (paragraphing supplied):

1. A connector for attachment to an end of an elongated element, said connector comprising

a generally tubular member formed of sheet form spring material adapted to extend about and retain said end of the element, said spring material being circularly discontinuous to present two edges which are shiftable relative to one another generally circularly about said element in a relation varying the internal size of said member, the resilence of said member tending to tighten the member by its own resilience to a small transverse dimension condition for securing said member and element together, and

means fixed to said member for retaining said member in a larger dimension condition for initial reception of said end of the element and releasable to free the member for construction by its own resilience to said small dimension condition while said means remain fixed to said member.

The connector may be used to receive the ends of two elements or wires in abutting

Robert M. Taylor, Jr., Douglas E. Olson, Los Angeles, Cal. (Lyon & Lyon), Los Angeles, Cal., attorneys of record, for appellant. Francis Thomas, Jr., Washington, D. C. (Bacon & Thomas), Washington, D. C., of counsel.

William P. Green, Los Angeles, Cal., attorney of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

MARKEY, Chief Judge.

This appeal is from the decision of the Board of Patent Interferences in interference No. 96,363, awarding priority as to its two counts to Miller, the senior party. Appellant provoked the interference by copying in his application serial

1. Appellant's application is designated a division of copending application serial No. 211,747, filed July 23, 1962, and was accorded the benefit of that filing date.

relationship and secure them in that condition.

Appellee discloses several embodiments in which the "means * * *· for retaining said member in a larger condition * * *" constitute elements such as shoulders or tabs actuatable to a releasing condition to allow the member to constrict rapidly toward its normal diameter. In another form of appellee's device the "means" is a tube of solder which collapses when the device is heated to the melting temperature of the solder. The latter form is more specifically defined in count 2 which reads as count 1 with the following language replacing the last paragraph thereof:

> * * * soldering material retaining said member in a larger dimension condition for initial reception of said end of the element and adapted upon melting to free the member for constriction by its own resilience to said small dimension condition and to solder the member to said element.

Appellant discloses what he designates as "recoverable articles" and his disclosure includes embodiments in which the "recoverable" material may be a split-cylinder type spring of metal. The spring is held under tension at greater than its preset diameter by a "fusible insert" of tubular shape disposed within the spring. When the article is heated the fusible insert melts and the spring retracts toward its normal diameter, to connect elements or wires therein. Appellant discloses that a ball of solder and flux may be positioned within the fusible member so that the solder and flux are also caused to fuse and the solder "supplements the fusible member as encapsulating material."

## COUNT 2

The board first considered count 2 which appellee charged was not supported by appellant's application. In agreeing with appellee, the board noted that appellant does disclose the use of a heat fusible insert for retaining a split spring member in a distended position. However, it stated that appellant "has not

and cannot point to any *explicit* disclosure that such heat fusible insert for that purpose is to be solder." It also noted that, while solder is referred to for another purpose, there is no suggestion that it be used for the fusible insert as required by count 2.

■ The board was plainly correct on both points. Nowhere in the application is there any disclosure that the insert be made of solder instead of the various non-metallic compositions which are disclosed. The disclosure of a ball of solder positioned in the fusible insert as an additional element obviously does not constitute a disclosure that the insert itself be made of solder. The decision as to count 2 will be affirmed.

## COUNT 1

Priority as to count 1 was awarded appellee on the ground that appellant was prohibited from making the claim corresponding thereto by the provision of 35 U.S.C. § 135 reading:

> (b) A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted.

Appellee's patent was cited as a reference against appellant's application on June 6, 1966. Appellant undertook to overcome the patent by an affidavit under Rule 131. Under date of May 16, 1967 the examiner advised appellant that Rule 131 action was not appropriate because "the same invention" was being claimed in the patent and in appellant's application. Appellant copied the patent claims which became counts 1 and 2 on August 4, 1967, more than one year from the date on which appellee's patent issued.

The issue as considered by the board and argued here by the parties is whether appellant was claiming substantially the same subject matter as count 1 in a claim under prosecution during the one year period specified in section 135(b). That issue is in accord with the criterion

that has been adopted by this court in determining the applicability of section 135(b) in like situations. See Rieser v. Williams, 255 F.2d 419, 45 CCPA 953 (1958); Stalego v. Heymes, 263 F.2d 334, 46 CCPA 772 (1959).

In making its determination,[2] the board considered specifically appellant's original claim 12 and claims 22 and 23 which had been added by amendment during the statutory period. Those claims (with claims 10 and 11 on which claim 12 depends) read:

10. A recoverable article comprising a recoverable member and a fusible member, said recoverable member and said fusible member being in abutting relation, said recoverable member being a spring, said fusible member being a rigid member which holds said spring in a distended state.

11. The article of claim 10 wherein said spring is a split cylinder.

12. The article of claim 11 wherein said fusible member is tubular.

22. A heat recoverable article comprising a heat recoverable member and a fusible member, said recoverable member being a split cylindrical spring and said fusible member being placed within such spring and holding it in a recoverable position.

23. The article of claim 22 wherein the fusible member is in the form of a cylinder placed within the cylindrical spring and contacts the inner walls of the spring.

The board recognized that both count 1 and appellant's claims are drawn to the combination of a tubular member of spring material and a second element that holds the spring in a distended shape. It could not detect "any material differences" between the "structural cooperation between the recited elements of structure and the functions performed by them," as recited in the count and appellant's claims. However, it found the

term "fusible" in appellant's claims was "a material limitation defining a material distinction" between the invention claimed in appellant's claims and in count 1. It further held that the difference amounted to "more than a matter of mere scope." Thus, it stated:

This term, "fusible", is the one term that limits the invention claimed by Wetmore to his disclosed conception as embodied in identifiable species within the generic concept defined by the count in issue. Wetmore disclosed and claimed no structure other than a member of a heat *fusible* material for retaining the recoverable member in its distended condition where some means external to the recoverable member was required. On the other hand the count broadly covers one concept by Miller as embodied in at least three other structural configuration[s], utilizing mechanically releaseable "means" (a tab) for retaining the tubular spring member in its distended condition, in addition to another concept as embodied in two configurations utilizing solder as the releasable "means", i. e. a heat fusible member.

We think the board attributed too much significance to the fact that count 1 applies to "one concept by Miller embodied in at least three other configurations" that utilize tabs or like projecting means, a form which appellant's claims 12, 22 and 23 did not cover. On the other hand, it did not give sufficient weight to the other "concept as embodied in [appellee's] two configurations utilizing solder as the releasable 'means'," the coverage of which "configurations" by appellant's claims 12, 22 and 23 and the count does not appear to have been questioned by appellee. Viewed with this in mind, the additional restrictions imposed on appellant's claims by the word "fusible" amounts to a difference in scope alone. The count

2. The board observed:
No question has been clearly raised herein as to the cross-readability of count 1 and the claims of Wetmore on the disclosures of the parties. Further, the question of Wetmore's right to make a claim corresponding to count 1 for lack of supporting disclosure has not been raised.

# 964

has necessarily been considered allowable over the prior art and is broader than appellant's claims 12, 22 and 23. Therefore, the "fusible" limitation of appellant's claims must be regarded as not necessary to patentability and not "material" for present purposes. See Stalego v. Heymes, supra, wherein the question whether claims are drawn to substantially the same subject matter is equated to whether the differences are material.

Accordingly, we are satisfied that appellant was claiming substantially the same subject matter in count 1 within the meaning of section 135. This conclusion is in conformity with the position of the examiner as evidenced by the refusal to consider appellant's Rule 131 affidavit in the ex parte prosecution and the denial of appellee's motion to dissolve for failure to comply with section 135.

The decision of the board is affirmed as to count 2. As to count 1, the decision is reversed and the appeal remanded for such action, in accordance with this opinion, as may be required with respect to the "evidentiary records presented on behalf of the parties" which the board found it "not necessary * * * to discuss" in view of the holding it made.

Modified and remanded.

